**HUBBELL v ZALLER et**

**STATE ex McFADDEN v ZALLER et**

Ohio Appeals, 8th Dist, Cuyahoga Co.

Nos. 17573 & 17574.

Peter M. Mizenko, for relator Hubbell.

Joseph F. Smith, Cleveland and Geo. J. McFadden, Cleveland, for relator McFadden.

Frank T. Cullitan, Cleveland, and Saul S. Danaceau, Cleveland, for respondents.

Joel Krupman, Cleveland, amici curiae.

**OPINION**

By MORGAN, J.

The relators in these cases filed their petitions in mandamus, each alleging that he filed with the respondent, The Board of Elections of Cuyahoga County, on or before September 8, 1939, petitions with the required number of signatures for nomination for the office of Judge of the Municipal Court of Cleveland, to be voted for at the general election to be held on November 7, 1939. The Board of Elections refused to accept the nominating petitions of these relators because the date of their filing failed to comply with §1579-5, GC, the pertinent part of which is as follows:

"The Judges of the Municipal Court including the Chief Justice, shall be nominated by petition. Such petition shall be signed by at least twenty-five hundred electors of the City of Cleveland. It shall be in the general form, and shall be signed, verified and filed in the manner and within the time required by law for nominating petitions of other nominees for public office in the City of Cleveland. Each elector shall have the right to sign petitions for not more than one candidate for each term. Such Judges shall be elected by the electors of the City of Cleveland in the manner provided by law for the election of Judges of the Court of Common Pleas."

It is clear that §1579-5, GC, requires nominating petitions for Judges of the Municipal Court of Cleveland to be filed "within the time required by law for nominating petitions of other nominees for public office in the City of Cleveland." It is conceded that the law for nominating petitions "of other nominees for public office" in Cleveland is found in the City Charter of the City.

Section 68 of the Charter of the city provides for the election of Mayor, and Section 24 for the election of members of the Council. These are the only "nominees for public office" provided for in the Charter.

Section 3 of the Charter, in accord with the general laws, provides that the Mayor and members of the City Council shall be elected on the first Tuesday after the first Monday in November, in odd numbered years. Candidates for these offices shall be nominated at a primary election on the fifth Tuesday prior to the Municipal election.

The Charter further provides that nominations for either the office of

Mayor, or a member of the City Council, shall be by "a nominating petition" which is to be filed with the Board of Elections "at least forty (40) days prior to the date of the primary election." (City Charter Section 8.)

It is conceded that August 23, 1939, was the last date on which a nominating petition could be filed for the office of Mayor or City Council in 1939. The name of no candidate can appear on the ballot at the general election in November who has not filed a proper nominating petition on or before August 23, 1939.

Nothing could be clearer, therefore, than that the requirement of the law as to the time for the filing of "nominating petitions of other nominees for public office in the City of Cleveland" is that these petitions this year must have been filed on or before August 23, 1939.

Under §1579-5, GC, which is not in the least ambiguous, it follows that the petitions for the nomination of Judges of the Municipal Court of Cleveland also must have been filed on or before the same date, to-wit, August 23, 1939.

The state law (§4789-92, GC) provides that the nominating petitions of candidates shall be filed not later than the sixtieth (60) day prior to the date of election. If this provision were to control, it is conceded that the nominating petitions of the relators were filed in time. It is also admitted that they were not filed on or before August 23, 1939.

It is clear to us that §1579-5, GC, which specifically governs the nomination of Judges of the Municipal Court of Cleveland is controlling in this case and not the general provisions contained in §4785-92, GC.

The briefs which have been filed in behalf of the relators in these cases, discuss at some length the question whether or not the Judges of the Mu-

nicipal Court of Cleveland are State or Municipal officers. This question is also considered in the opinion of the Attorney General of Ohio, dated September 16, 1939, given to the Secretary of State of Ohio. The letter of the latter to the Attorney General of Ohio requested his opinion, not only as to the latest date upon which a nominating petition of the candidate for the office of Judge of the Municipal Court of Cleveland could be legally filed, but also requested that the Attorney General advise "as to the number of signatures required to qualify such nominating petition."

Sec. 1579-5, GC, provides that a nominating petition for Municipal Judge of Cleveland "shall be signed by at least twenty-five hundred (2500) electors" of the city. Section 5 of the City Charter provides that a petition for the nomination of a candidate for an office filled by election from the city at large "shall be signed by at least three thousand (3000) electors" of the city.

The Attorney General held that Judges of the Municipal Court of Cleveland are Municipal officers and, therefore, that a nominating petition for these offices "must contain the signatures of at least three thousand (3000) electors" as provided in the City Charter.

The nominating petitions filed by both of these relators contained more than three thousand (3000) signatures. Accordingly, the question as to whether the signatures of 3000 electors, as provided in the City Charter, or 2500 electors, as provided in the General Code, are necessary to a nominating petition, does not arise in these cases and as to it we express no opinion.

In view of the plain provision of §1579-5, GC, the question whether a Municipal Judge of Cleveland is a state or municipal officer is not of the slightest importance in the decision of these cases.

Inasmuch as the nominating petitions of the relators were not filed within the time required by law, the prayer of the petition is denied in both cases.

TERRELL, PJ. & LIEGHLEY, J., concur.